UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN GREEN, JULIAN PEREZ, and
NICK CIECHALSKI,

                          Plaintiffs,

vs.                                                         Civil No. 23-cv-01166

CITY OF BUFFALO, BATTALION CHIEF
RONALD K. BOURGEOIS, Individually and in his
Official Capacity as Battalion Chief,
COMMISSIONER WILLIAM RENALDO,
Individually and in his Official Capacity as
Commissioner, DEPUTY COMMISSIONER
RAMO SUAREZ, Individually and in his Official
Capacity as Deputy Commissioner, MAYOR
BYRON BROWN,

                          Defendants.

---

## ANSWER TO AMENDED COMPLAINT

The City of Buffalo, Battalion Chief Ronald K. Bourgeois, Commissioner William Renaldo, Deputy Commissioner Ramo Suarez, and Mayor Byron Brown (the "Defendants") by their attorneys, Hodgson Russ LLP, for their answer to the Amended Complaint of Plaintiffs, Kevin Green, Julian Perez, and Nick Ciechalski ("Plaintiffs"), state as follows:

       1.       Admit the allegations contained in paragraph 1.

       2.       Admit that Perez is a former Buffalo Fire recruit but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2, and therefore deny the same.

3. Admit that Ciechalski is a former Buffalo Fire recruit but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3, and therefore deny the same.

4. Admit the allegations contained in paragraph 4.

5. Admit the allegations contained in paragraph 5, except state that the address for the Buffalo Fire Department offices is 68 Court Street.

6. Admit the allegations contained in paragraph 6, except state that the address for the Buffalo Fire Department offices is 68 Court Street.

7. Admit the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Admit that Shannon Street was Deputy Commissioner for the Buffalo Fire Department during the time Plaintiffs were at the Buffalo Fire Academy but deny the remaining allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Admit the allegations contained in paragraph 22.

23. Admit that the COVID-19 pandemic caused delays but deny the remaining allegations contained in paragraph 23.

24. With respect to paragraph 24, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 24.

25. With respect to paragraph 25, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 25.

26. With respect to paragraph 26, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. With respect to paragraph 29, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 29.

30. With respect to paragraph 30, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 30.

31. With respect to paragraph 31, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. Admit the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Admit the allegations contained in paragraph 39.

40. State that Defendants have no record of such FOIL request and therefore deny the allegations contained in paragraph 40.

41. Admit the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

53. With respect to the allegations in paragraph 53, admit that Green passed twenty-five (25) of a total twenty-six (26) field events, but deny the remaining allegations contained therein.

54. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54, and therefore deny the same.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 57, and therefore deny the same.

58. Admit that Perez passed the Firefighter Exam and background check, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58, and therefore deny the same.

59. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 59, and therefore deny the same.

60. Deny the allegations contained in paragraph 60.

61. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61, and therefore deny the same.

62. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62, and therefore deny the same.

63. With respect to the allegations in paragraph 63, deny knowledge or information sufficient to form a belief as to the truth or falsity of any discussions between Perez and ECMC medical staff, but admit that he was cleared for duty and therefore returned to physical training.

64. Admit the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66, and therefore deny the same.

67. Deny the allegations contained in paragraph 67.

68. Deny the allegations contained in paragraph 68.

69. Deny the allegations contained in paragraph 69.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72, and therefore deny the same.

73. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73, and therefore deny the same.

74. Deny the allegations contained in paragraph 74.

75. Admit the allegations contained in paragraph 75.

76. Admit the allegations contained in paragraph 76.

77. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77, and therefore deny the same.

78. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78, and therefore deny the same.

79. Deny the allegations contained in paragraph 79.

80. Deny the allegations contained in paragraph 80.

81. Deny the allegations contained in paragraph 81.

82. With respect to the allegations in paragraph 82, admit that Ciechalski was cleared for work, full duty, with no restrictions, but deny the remaining allegations therein.

83. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83, and therefore deny the same.

84. Deny the allegations contained in paragraph 84.

85. Deny the allegations contained in paragraph 85.

86. Admit the allegations contained in paragraph 86.

87. With respect to the allegations in paragraph 87, state that the referenced document speaks for itself.

88. With respect to the allegations in paragraph 88, state that the referenced document speaks for itself, and deny the remaining allegations.

89. With respect to the allegations in paragraph 89, state that the referenced document speaks for itself.

90. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90, and therefore deny the same.

91. Admit the allegations contained in paragraph 91.

92. Admit the allegations contained in paragraph 92.

93. Deny the allegations contained in paragraph 93.

94. Defendants repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

95. Deny the allegations contained in paragraph 95.

96. Deny the allegations contained in paragraph 96.

97. Deny the allegations contained in paragraph 97.

98. Deny the allegations contained in paragraph 98.

99. Deny the allegations contained in paragraph 99.

100. Deny the allegations contained in paragraph 100.

101. Deny the allegations contained in paragraph 101.

102. Deny the allegations contained in paragraph 102.

103. Deny the allegations contained in paragraph 103.

104. Deny the allegations contained in paragraph 104.

105. Deny the allegations contained in paragraph 105.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

109. Deny the allegations contained in paragraph 109.

110. Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 110.

111. With respect to the allegations in paragraph 111, repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

112. Admit the allegations contained in paragraph 112.

113. Paragraph 113 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 113.

114. Deny the allegations contained in paragraph 114.

115. Paragraph 115 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 115.

116. Deny the allegations contained in paragraph 116.

117. Deny the allegations contained in paragraph 117.

118. Deny the allegations contained in paragraph 118.

119. Deny the allegations contained in paragraph 119.

120. State that immediately following paragraph 119 on page 17 (18 of 23) of the Amended Complaint, the numbering goes back to 118. Defendants deny the allegations contained in the second paragraph 118.

121. Deny the allegations contained in the second paragraph 119.

122. Deny the allegations contained in paragraph 120.

123. Deny the allegations contained in paragraph 121.

124. Deny the allegations contained in paragraph 122.

125. With respect to the allegations in paragraph 123, repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

126. Deny the allegations contained in paragraph 124.

127. Deny the allegations contained in paragraph 125.

128. Deny the allegations contained in paragraph 126.

129. Deny the allegations contained in paragraph 127.

130. Deny the allegations contained in paragraph 128.

131. Deny the allegations contained in paragraph 129.

132. With respect to the allegations in paragraph 130, repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

133. Deny the allegations contained in paragraph 131.

134. Deny the allegations contained in paragraph 132.

135. Deny the allegations contained in paragraph 133.

136. Deny the allegations contained in paragraph 134.

137. Deny the allegations contained in paragraph 135.

138. With respect to the allegations in paragraph 136, repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

139. Paragraph 137 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 137.

140. Deny the allegations contained in paragraph 138.

141. Paragraph 139 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 139.

142. Paragraph 140 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 140.

143. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 141.

144. Deny the allegations contained in paragraph 142.

145. Deny the allegations contained in paragraph 143.

146. Deny the allegations contained in paragraph 144.

**FIRST DEFENSE**

147. The Amended Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

148. Plaintiffs failed to exhaust their administrative remedies with respect to one or more claims.

**THIRD DEFENSE**

149. Some or all of Plaintiffs' claims are time-barred under applicable statutes of limitations.

**FOURTH DEFENSE**

150. The Plaintiffs are without standing to challenge some or all of the alleged conduct.

**FIFTH DEFENSE**

151. The City of Buffalo has not adopted, implemented, or executed any policy or custom to deprive Plaintiffs of their constitutional rights, and as such, the City is not liable for Plaintiff's claimed injuries.

**SIXTH DEFENSE**

152. At all times relevant to the acts alleged in the Amended Complaint, Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiffs were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

**SEVENTH DEFENSE**

153. At all relevant times, Defendants acted on the reasonable and good faith belief that their actions were lawful and constitutional. As a result, Defendants are entitled to absolute or qualified immunity under state and federal law.

**EIGHTH DEFENSE**

154. All decisions made by Defendants with respect to Plaintiffs and all actions taken with respect to Plaintiffs were made without malice, ill will, fraud, oppression, or any other improper motive.

**NINTH DEFENSE**

155. Plaintiffs' subjective and conclusory allegations of discrimination are insufficient as a matter of law to support their claims.

**TENTH DEFENSE**

156. Defendants prohibit unlawful discrimination and have established policies and procedures for reporting any such claims.

**ELEVENTH DEFENSE**

157.    Plaintiffs failed to mitigate their damages, if any.

**TWELFTH DEFENSE**

158.    Plaintiff's claims are barred, at least in part, by applicable statutes of limitations.

**THIRTEENTH DEFENSE**

159.    Plaintiff's claims are barred, at least in part, by their own wrongful actions and/or material breaches.

**FOURTEENTH DEFENSE**

160.    Defendants have not interfered with, restrained, or denied Plaintiffs' rights under any applicable Federal or State Law.

**FIFTEENTH DEFENSE**

161.    Plaintiff's claims are barred, at least in part, by qualified immunity.

**SIXTEENTH DEFENSE**

162.    Plaintiff's claims are barred, at least in part, due to a failure to seek accommodations.

**SEVENTEENTH DEFENSE**

163. To the extent any Plaintiff sought accommodations, such accommodations posed an undue hardship.

### EIGHTEENTH DEFENSE

164. Plaintiff's claims are barred, at least in part, due to failure to utilize established procedures for complaining about discrimination and harassment.

### NINTEENTH DEFENSE

165. Any harm which came, or may come to Plaintiffs, was the direct and proximate result of Plaintiffs' own actions.

### TWENTIETH DEFENSE

166. Plaintiff's claims are barred, at least in part, by after-acquired evidence.

### RESERVATION OF RIGHTS

167. Defendants reserve all rights to add additional defenses should any become apparent.

168. By asserting the aforementioned defenses, Defendants do not assume any additional burden of proof or production which Defendants do not otherwise have.

**WHEREFORE**, the Defendants demand judgment dismissing the Amended Complaint, along with reasonable attorneys' fees, costs, and disbursements of this proceeding, along with such other and further relief as this Court deems just and proper.

Dated:  December 15, 2023

          **HODGSON RUSS LLP**
          *Attorneys for the Defendants*

          By:_____
              Adam W. Perry
              Joshua Feinstein
              Joshua B. Levitt
          The Guaranty Building
          140 Pearl Street, Suite 100
          Buffalo, New York  14202
          Telephone:  (716) 856-4000
          Emails:  *aperry@hodgsonruss.com*
                   *jfeinste@hodgsonruss.com*
                   *jlevitt@hodgsonruss.com*