UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN GREEN, JULIAN PEREZ, and
NICK CIECHALSKI,

                              Plaintiffs,

vs.                                              Civil No. 23-cv-01166

CITY OF BUFFALO, BATTALION CHIEF
RONALD K. BOURGEOIS, Individually and in his
Official Capacity as Battalion Chief,
COMMISSIONER WILLIAM RENALDO,
Individually and in his Official Capacity as
Commissioner, DEPUTY COMMISSIONER
RAMO SUAREZ, Individually and in his Official
Capacity as Deputy Commissioner, MAYOR
BYRON BROWN,

                              Defendants.

---

## ANSWER TO SECOND AMENDED COMPLAINT

The City of Buffalo, Battalion Chief Ronald K. Bourgeois, Commissioner William Renaldo, Deputy Commissioner Ramo Suarez, and Mayor Byron Brown (the "Defendants") by their attorneys, Hodgson Russ LLP, for their answer to the Second Amended Complaint of Plaintiffs, Kevin Green, Julian Perez, and Nick Ciechalski ("Plaintiffs"), state as follows:

1. With respect to paragraph 1, admit that Plaintiffs bring the instant action but deny the remaining allegations contained therein.

2. Deny the allegations contained in paragraph 2.

3. Deny the allegations contained in paragraph 3.

4. Admit that Green is a former Buffalo Fire recruit but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4, and therefore deny the same.

5. Admit that Perez is a former Buffalo Fire recruit but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5, and therefore deny the same.

6. Admit that Ciechalski is a former Buffalo Fire recruit but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6, and therefore deny the same.

7. Admit the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8, except state that the address for the Buffalo Fire Department offices is 68 Court Street.

9. Admit the allegations contained in paragraph 9, except state that the address for the Buffalo Fire Department offices is 68 Court Street.

10. Admit the allegations contained in paragraph 10.

11. Admit the allegations contained in paragraph 11.

12. Admit that Shannon Street was Deputy Commissioner for the Buffalo Fire Department during the time Plaintiffs were at the Buffalo Fire Academy but deny the remaining allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Admit the allegations contained in paragraph 25.

26. Admit that the COVID-19 pandemic caused delays but deny the remaining allegations contained in paragraph 26.

27. With respect to paragraph 27, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 27.

28. With respect to paragraph 28, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 28.

29. With respect to paragraph 29, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. With respect to paragraph 32, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 32.

33. With respect to paragraph 33, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 33.

34. With respect to paragraph 34, Defendants state that the referenced Rules and Regulations speak for themselves, and deny any allegations or characterizations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Admit the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Admit the allegations contained in paragraph 42.

43. State that Defendants have no record of such FOIL request and therefore deny the allegations contained in paragraph 43.

44. Admit the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. With respect to the allegations in paragraph 56, admit that Green passed twenty-five (25) of a total twenty-six (26) field events, but deny the remaining allegations contained therein.

57. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57, and therefore deny the same.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Admit that Perez passed the Firefighter Exam and background check, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 60, and therefore deny the same.

61. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 61, and therefore deny the same.

62. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62, and therefore deny the same.

63. Deny the allegations contained in paragraph 63.

64. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64, and therefore deny the same.

65. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65, and therefore deny the same.

66. With respect to the allegations in paragraph 66, deny knowledge or information sufficient to form a belief as to the truth or falsity of any discussions between Perez and ECMC medical staff, but admit that he was cleared for duty and therefore returned to physical training.

67. Admit the allegations contained in paragraph 67.

68. Deny the allegations contained in paragraph 68.

69. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, and therefore deny the same.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

74. Deny the allegations contained in paragraph 74.

75. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75, and therefore deny the same.

76. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76, and therefore deny the same.

77. Deny the allegations contained in paragraph 77.

78. Admit the allegations contained in paragraph 78.

79. Admit the allegations contained in paragraph 79.

80. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80, and therefore deny the same.

81. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81, and therefore deny the same.

82. Deny the allegations contained in paragraph 82.

83. Deny the allegations contained in paragraph 83.

84. Deny the allegations contained in paragraph 84.

85. With respect to the allegations in paragraph 85, admit that Ciechalski was cleared for work, full duty, with no restrictions, but deny the remaining allegations therein.

86. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86, and therefore deny the same.

87. Deny the allegations contained in paragraph 87.

88. Deny the allegations contained in paragraph 88.

89. Admit the allegations contained in paragraph 89.

90. With respect to the allegations in paragraph 90, state that the referenced document speaks for itself.

91. With respect to the allegations in paragraph 91, state that the referenced document speaks for itself, and deny the remaining allegations.

92. With respect to the allegations in paragraph 92, state that the referenced document speaks for itself.

93. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93, and therefore deny the same.

94. Admit the allegations contained in paragraph 94.

95. Admit the allegations contained in paragraph 95.

96. Deny the allegations contained in paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 97.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 98.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 99.

100. With respect to the allegations in paragraph 100, Defendants repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

101. Deny the allegations contained in paragraph 101.

102. Deny the allegations contained in paragraph 102

103. Deny the allegations contained in paragraph 103.

104. Deny the allegations contained in paragraph 104.

105. Deny the allegations contained in paragraph 105.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

109. Deny the allegations contained in paragraph 109.

110. Deny the allegations contained in paragraph 110.

111. Deny the allegations contained in paragraph 111.

112. Deny the allegations contained in paragraph 112.

113. Deny the allegations contained in paragraph 113.

114. Deny the allegations contained in paragraph 114.

115. Deny the allegations contained in paragraph 115.

116. Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 116.

117. With respect to the allegations in paragraph 117, Defendants repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

118. Admit the allegations contained in paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 119.

120. Deny the allegations contained in paragraph 120.

121. Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 121.

122. Deny the allegations contained in paragraph 122.

123. Deny the allegations contained in paragraph 123.

124. Deny the allegations contained in paragraph 124.

125. Deny the allegations contained in paragraph 125.

126. Deny the allegations contained in the paragraph 126.

127. Deny the allegations contained in the paragraph 127.

128. Deny the allegations contained in paragraph 128.

129. Deny the allegations contained in paragraph 129.

130. Deny the allegations contained in paragraph 130.

131. With respect to the allegations in paragraph 131, Defendants repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

132. Deny the allegations contained in paragraph 132.

133. Deny the allegations contained in paragraph 133.

134. Deny the allegations contained in paragraph 134.

135. Deny the allegations contained in paragraph 135.

136. Deny the allegations contained in paragraph 136.

137. Deny the allegations contained in paragraph 137.

138. With respect to the allegations in paragraph 138, Defendants repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

139. Deny the allegations contained in paragraph 139.

140. Deny the allegations contained in paragraph 140.

141. Deny the allegations contained in paragraph 141.

142. Deny the allegations contained in paragraph 142.

143. Deny the allegations contained in paragraph 143.

144. With respect to the allegations in paragraph 144, Defendants repeat and reallege the preceding paragraphs with the same force and effect as if fully set forth herein.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 145.

146. Deny the allegations contained in paragraph 146.

147. Paragraph 147 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 147.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 148.

149. Paragraph 149 states legal conclusions to which no response is required. To the extent a response is required, deny the allegations contained in paragraph 149.

150. Deny the allegations contained in paragraph 150.

151. Deny the allegations contained in paragraph 151.

152. Deny the allegations contained in paragraph 152.

## FIRST DEFENSE

153. The Amended Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

154. Plaintiffs failed to exhaust their administrative remedies with respect to one or more claims.

**THIRD DEFENSE**

155.    Some or all of Plaintiffs' claims are time-barred under applicable statutes of limitations.

**FOURTH DEFENSE**

156.    The Plaintiffs are without standing to challenge some or all of the alleged conduct.

**FIFTH DEFENSE**

157.    The City of Buffalo has not adopted, implemented, or executed any policy or custom to deprive Plaintiffs of their constitutional rights, and as such, the City is not liable for Plaintiff's claimed injuries.

**SIXTH DEFENSE**

158.    At all times relevant to the acts alleged in the Amended Complaint, Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiffs were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

**SEVENTH DEFENSE**

159.    At all relevant times, Defendants acted on the reasonable and good faith belief that their actions were lawful and constitutional. As a result, Defendants are entitled to absolute or qualified immunity under state and federal law.

**EIGHTH DEFENSE**

160.    All decisions made by Defendants with respect to Plaintiffs and all actions taken with respect to Plaintiffs were made without malice, ill will, fraud, oppression, or any other improper motive.

**NINTH DEFENSE**

161.    Plaintiffs' subjective and conclusory allegations of discrimination are insufficient as a matter of law to support their claims.

**TENTH DEFENSE**

162.    Defendants prohibit unlawful discrimination and have established policies and procedures for reporting any such claims.

**ELEVENTH DEFENSE**

163.    Plaintiffs failed to mitigate their damages, if any.

**TWELFTH DEFENSE**

164.    Plaintiff's claims are barred, at least in part, by applicable statutes of limitations.

**THIRTEENTH DEFENSE**

165.    Plaintiff's claims are barred, at least in part, by their own wrongful actions and/or material breaches.

**FOURTEENTH DEFENSE**

166.    Defendants have not interfered with, restrained, or denied Plaintiffs' rights under any applicable Federal or State Law.

**FIFTEENTH DEFENSE**

167.    Plaintiff's claims are barred, at least in part, by qualified immunity.

**SIXTEENTH DEFENSE**

168.    Plaintiff's claims are barred, at least in part, due to a failure to seek accommodations.

**SEVENTEENTH DEFENSE**

169.    To the extent any Plaintiff sought accommodations, such accommodations posed an undue hardship.

**EIGHTEENTH DEFENSE**

170.    Plaintiff's claims are barred, at least in part, due to failure to utilize established procedures for complaining about discrimination and harassment.

**NINTEENTH DEFENSE**

171.    Any harm which came, or may come to Plaintiffs, was the direct and proximate result of Plaintiffs' own actions.

**TWENTIETH DEFENSE**

172.    Plaintiff's claims are barred, at least in part, by after-acquired evidence.

**RESERVATION OF RIGHTS**

173.    Defendants reserve all rights to add additional defenses should any become apparent.

174.    By asserting the aforementioned defenses, Defendants do not assume any additional burden of proof or production which Defendants do not otherwise have.

**WHEREFORE**, the Defendants demand judgment dismissing the Second Amended Complaint, along with reasonable attorneys' fees, costs, and disbursements of this proceeding, along with such other and further relief as this Court deems just and proper.

Dated:  September 10, 2024

                                **HODGSON RUSS LLP**
                                *Attorneys for the Defendants*

By:_____
                                Adam W. Perry
                                Joshua Feinstein
                                Joshua B. Levitt
         The Guaranty Building
         140 Pearl Street, Suite 100
         Buffalo, New York  14202
         Telephone:  (716) 856-4000
         Emails:  *aperry@hodgsonruss.com*
                        *jfeinste@hodgsonruss.com*
                        *jlevitt@hodgsonruss.com*

017635.00069 HRDOCS 65593956v1