UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN GREEN,
JULIAN PEREZ,

                            Plaintiffs,

      v.

CITY OF BUFFALO,
BATTALION CHIEF RONALD K. BOURGEOIS,
Individually and in his Official Capacity as
Battalion Chief,
COMMISSIONER WILLIAM RENALDO,
Individually and in his Official Capacity as
Commissioner,
DEPUTY COMMISSION RAMO SUAREZ,
Individually and in his Official Capacity as
Deputy Commissioner,
MAYOR BYRON BROWN,

                         Defendants.

_____

**DECISION
and
ORDER**

**23-CV-1166-LJV(F)**

APPEARANCES:         TIVERON LAW PLLC
                            Attorneys for Plaintiff
                            STEVEN M. COHEN, of Counsel
                            2410 North Forest Road, Suite 301
                            Amherst, New York  14068

                            HODGSON RUSS LLP
                            Attorneys for Defendants
                            JOSHUAN I. FEINSTEIN,
                            JOSHUA B. LEVITT,
                            ADAM W. PERRY, of Counsel
                            The Guaranty Building, Suite 100
                            140 Pearl Street
                            Buffalo, New York   14202-4040

       In this § 1983 action, alleging race, gender and political discrimination in

connection with Plaintiffs' attendance and dismissal from a Buffalo Fire Academy

training program in 2020, by papers filed March 28, 2025, Plaintiffs move for an order

amending the current Scheduling Order to extend the time for completion of discovery. (Dkt. 36) ("Plaintiffs' motion").[1]  Plaintiffs' motion is supported by the Attorney Declaration of Steven M. Cohen, Plaintiffs' counsel (Dkt. 36-1) ("Cohen Declaration I"). According to Plaintiffs, during the course of seven depositions conducted by the parties during March 2025 ("the March depositions"), 10 additional non-party witnesses were identified whose depositions Plaintiffs assert are now required.  Cohen Declaration I (Dkt. 36-1) ¶¶ 8, 11; (Dkt. 42-5) (Copy of Letter by Steven M. Cohen to Defendants' Attorney dated March 28, 2025) ("the Cohen Letter").   In the Cohen Letter Plaintiffs identified Robert Jackson, Billy Lumadue, Jamie Matie, Morgan Walsh, Bridget Young, Mary Jo Allis, Recruit Matthew Kieta, Shatorah Donovan, Joseph Tomizzi and Firefighter William Miller as the newly discovered witnesses.  *See* (Dkt. 42-5).  Plaintiffs also state that Plaintiffs' counsel recently learned from unidentified "witnesses" of "potentially relevant documents" which require additional time for Plaintiffs to review. Cohen Declaration I (Dkt. 36-1) ¶ 11; Cohen Letter (Dkt. 42-5) at 1.  Plaintiffs do not provide any facts as to when Plaintiff learned of the existence of such documents nor has the source of such documents been disclosed to Defendants.  Plaintiffs did not request any specific period of time within which to complete such tasks.

Defendants oppose Plaintiffs' motion and in a cross-motion, filed April 14, 2025 (Dkt. 42), request the court preclude, pursuant to Fed.R.Civ.P. 37(c)( ("Rule 37(c)"), any use, including at trial, of the 10 witnesses recently disclosed by Plaintiffs and any documents referenced in the Cohen Letter and Cohen Declaration I ¶ 10.  *See*

---

[1]  The first Scheduling Order, filed February 9, 2024, required discovery to be completed by January 24, 2025 (Dkt. 11); an Amended Scheduling Order filed January 10, 2025 (Dkt. 25) required all discovery to be completed by February 28, 2025; by Text Order filed February 19, 2025, to accommodate Plaintiffs' counsel's unavailability, all fact discovery was to conclude March 28, 2025 (Dkt. 27).

Defendants' cross-motion (Dkt. 41-1) at 11-15.  Defendants also request an award of Defendants' attorneys fees in connection with Defendants' opposition to Plaintiffs' motion and in support of Defendants' cross-motion pursuant to Rule 37(c).  Defendants' Memorandum of Law (Dkt. 42-1) at 14-15.  Defendants' opposition is predicated on the fact that Plaintiffs have known of the existence of five of the putative witnesses -- Jackson, Kieta, Allis, Lumadue and Walsh -- for several years prior to the March depositions, *see* Declaration of Joshua B. Levitt (Dkt. 42-2) ¶¶ 14-21, and that the remaining witnesses were not, contrary to Plaintiffs' averment, revealed for the first time during the March depositions.  *See* Levitt Declaration ¶ 22 (averring that Young, Donovan, and Tomizzi were first mentioned during depositions by Plaintiffs' attorney); Matie's name does not appear in any deposition transcript nor is there any record of this person being associated with the Buffalo Fire Academy.  *Id.* ¶ 23 (referencing Declaration of Paul Eason, Deputy Buffalo Fire Commissioner (Dkt. 41-14 ¶ 5).[2] Further, Defendants point out that it is likely Plaintiffs have had access to the unidentified documents well-prior to Plaintiffs' motion, *see* Levitt Declaration (Dkt. 42-2) ¶¶ 25-27, but that Plaintiffs failed to provide Defendants with any information concerning the documents, particularly exactly when Plaintiffs acquired knowledge of their existence, and including copies thereof.  Levitt Declaration (Dkt. 42-2) ¶ 25.  Defendants assert that Jackson appeared on several occasions at Cohen's office with boxes of documents which were examined by Cohen and others and that such gatherings

---

[2]  Firefighter Miller was mentioned at the deposition of Shannon Street, a non-party, only by Plaintiffs' attorney, Mr. Cohen.  *See* Defendants' Memorandum of Law (Dkt. 42-1) at 9.  Plaintiffs do not dispute Defendants' statement.

occurred in 2020, 2021 and 2022.  *See* (Dkt. 42-8) Transcript of Deposition of Shannon

Street at 4, 7.

1.    Plaintiffs' Motion.

Defendants therefore contend Plaintiffs cannot establish good cause for Plaintiffs'

motion as required by Fed.R.Civ.P. 16(b)(4).  Defendants' Memorandum of Law (Dkt.

42-1) at 1 (citing *Getman v. Vondracek*, 731 F.Supp.3d 524, 529 (W.D.N.Y. 2024) ("In

the good cause analysis, 'the primary consideration is whether the moving party can

demonstrate diligence[,]'"); "The burden of showing diligence rests on the moving party."

*Id.*  "[I]t is plaintiff's burden to show good cause under Rule 16(b)(4)."  *Id.; Cardew v.*

*New York State Dept. of Corrections and Community Supervision*, 743 F.Supp.3d 523,

527 (W.D.N.Y. 2024) ("[G]ood cause exists where the moving party is unable to comply

with a required deadline despite the exercise of due diligence.").  Whether diligence can

be established "is not answered by a narrow reference to what a party has (or has not)

done since the entry of the most recent scheduling order."  *Cardew*, 743 F.Supp.3d at

527 ("[c]ourts routinely deny motions to amend [for lack of diligence] because 'good

cause may not be established where the facts . . . "were previously known to plaintiff."

*Id.* (quoting *Wilkins v. Time Warner Cable, Inc.*, 10 F. Supp. 3d 299, 319 (N.D.N.Y.

2014) (quoting *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118

(E.D.N.Y. 2011)).  The request therefore turns on whether the party seeking

amendment "had ample time to pursue the discovery that it now" seeks or "claims is

essential."  *Id.* (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*,

769 F.2d 919, 927 (2d Cir. 1985)).

In opposition to Defendants' cross-motion, Plaintiffs fails to rebut Defendants' factual averments concerning Plaintiffs assertions that Plaintiffs' awareness of the identity of the '10' new witnesses derived solely from the recent March depositions.  *See* Declaration of Steven M. Cohen (Dkt. 48) ¶ 4 ("Cohen Declaration II") ("The motion to extend was not an 'eleventh-hour' tactic but rather a necessary procedural step following <u>recent</u> <u>depositions</u> <u>in</u> <u>March</u>, during which <u>previously</u> <u>unknown</u> <u>individuals</u> with potentially material knowledge were identified.") (underlining added).  Based on the now unrefuted statements to the contrary provided by Defendants, Plaintiffs' assertion appear to lack any basis in fact.  Nowhere in Plaintiffs' response to  Defendants' opposition and cross-motion do Plaintiffs attempt to rebut Defendants' representations regarding Plaintiffs' long-term prior familiarity with Robert Jackson, Matthew Kieta, Mary Jo Allis (Plaintiff Perez's mother), Billy Lumadue, or Morgan Walsh.  Nor do Plaintiffs make any effort to rebut Defendants' descriptions of Bridget Young, Shatorah Donovan, Joseph Tomizzi or Firefighter William Miller as having been identified not by any deponent but by Plaintiffs' counsel during the depositions supporting that Plaintiffs had, contrary to Plaintiffs' assertions, prior knowledge of the existence of such witnesses well before the March depositions and that, contrary to Plaintiffs' statement in the Cohen Letter, Ms. Matie's name does not appear in any of the depositions.  *See Broad v. DKP Corp.*, 182 F.3d 898, 898 (2d Cir. 1999) (concluding the plaintiff, by failing to defend his assertion of diversity jurisdiction in response to the defendant's motion to dismiss for lack of jurisdiction, conceded to the defendant's argument that there was a defect in the jurisdictional facts).  In that connection, Plaintiffs also failed to timely disclose the identity of these witnesses as required by Fed.R.Civ.P. 26(a)(1)(A)(i) and 26(e)(1).

Thus, the court finds that Plaintiffs failed to exercise reasonable diligence in taking the depositions of these 'new' witnesses despite having "ample time and opportunity" to do so.  *See Baburam v. Federal Express Corporation*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (denying the plaintiff's request to extend discovery where the requesting party failed to establish that despite due diligence, discovery could not be timely completed).

Courts have denied motions to amend under similar circumstances.  *See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 927-28 (2d Cir. 1985) (denying as frivolous plaintiff's motion to extend discovery, made three months after defendants moved for summary judgment, so as to depose additional witnesses whose identities were known to the plaintiff prior to the filing of the summary judgment motion, stating, "A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need."); *Apace Communications, Ltd. v. Burke*, 2012 WL 6681785, at * (W.D.N.Y. Dec. 21, 2012) (denying plaintiff's motion to extend discovery made after the discovery deadline's expiration where the plaintiff sought to depose a witness whose identity was known to the plaintiff prior to the deadline yet the plaintiff made no attempt to contact the witness and thus did not act with due diligence); *Baburam*, 318 F.R.D. at 8 (plaintiff's counsel's motion after the close of discovery to extend the deadline for discovery to permit taking four additional depositions was denied where the plaintiff's counsel was aware for months of the identities of the witnesses whose depositions were sought, but failed to explain why the depositions could not be timely scheduled).

The same may be said of Plaintiffs' supposed need to review the documents Plaintiffs allegedly recently acquired access to.  As Defendants surmise, these documents were previously made available to Plaintiffs by Robert Jackson.  *See* Levitt Declaration (Dkt. 42-2) ¶ 27 (citing deposition of Shannon Street during which Plaintiffs' counsel recalled that Jackson provided the documents to Plaintiffs' counsel during meetings conducted with Plaintiffs' counsel in 2020, 2021, and 2022).  *See* Transcript of Shannon Street Deposition (Dkt. 42-8) at 4, 7).  Moreover, Plaintiffs fail to assure that the documents contain relevant information.  *See* Cohen Declaration I (Dkt. 36-1) ¶ 10 ("In addition, this office learned of additional potentially relevant documents in speaking with witnesses.") (underlining added).  That Plaintiffs failed to more timely ascertain whether the alleged documents are even relevant to Plaintiffs' claims despite the repeated opportunity to do so well-prior to Plaintiffs' motion, cuts against finding Plaintiffs exercised due diligence with respect to the documents.  Finally, Plaintiffs' assertion that Plaintiffs' "conduct is entirely consistent with the letter and spirit of the Federal Rule [of Civil Procedure] which contemplate an evolving discovery process," Cohen Declaration II ¶ 5, is mistaken.  If this were so, it would render Rule 16(b)(4) a dead letter contrary to the Second Circuit's clear admonition that "compliance with discovery orders  . . . is necessary to the integrity of our judicial process.  A party who flouts such orders does so at his peril."  *Update Art, Inc. v. Modiin Publ., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988).  Moreover, Plaintiff fails to cite any authority for this novel proposition and the court's research fails to reveal any.

In Plaintiffs' response to Defendants' opposition and cross-motion, Plaintiffs contend that Defendants' opposition to Plaintiffs' motion is "factually inaccurate."  Cohen

Defendant II (Dkt. 48) at ¶ 4.  However, as discussed, *supra*, at 3, 5, Plaintiffs fail to rebut any of Defendants' detailed and averred facts demonstrating Plaintiffs had prior knowledge of the witnesses Plaintiffs now seek to depose thus allowing Plaintiffs ample time within which to depose, prior to the March 28, 2025 discovery cut-off date, such witnesses.  Such facts fully support finding Plaintiff's lack of diligence in belatedly pursuing such discovery.  Thus, there is no merit to Plaintiffs' contention that Defendants' opposition to Plaintiffs' motion is factually inaccurate.  Plaintiffs' reliance on *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), *see* (Dkt. 48-1) at 2, is also unavailing.  In *Parker*, the court considered a motion to amend a pleading pursuant to Fed.R.Civ.P. 15(a), a less stringent standard than Rule 16(b)'s good cause test for a motion to amend a scheduling order, and, instead, affirmed the district court's finding plaintiff had failed to demonstrate good cause for the proposed amendment to the scheduling order.  *Parker*, 204 F.3d at 340 ("'good cause' depends on the diligence of the moving party").  Citing several state cases, Plaintiff again further asserts that "litigation is dynamic, and discovery may need to evolve accordingly."  (Dkt. 48-1) at 4. However, as discussed, *supra*, at 7, such a motion runs contrary to Rule 16(b). Similarly, Plaintiffs' attempt, (Dkt. 48-1) at 3, to distinguish *Freeman v. Guiliani*, 2025 WL 81370 (S.D.N.Y. Jan. 13, 2025) and *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. V. Coventry First LLC,* 280 F.R.D. 147, 156 (S.D.N.Y. 2012), adopting report and recommendation (S.D.N.Y. Jan. 9, 2012), on which Defendants rely, *see* (Dkt. 41-1) at 8, 9, 10, 11, (Dkt. 49) at 7, is also unavailing.  Notwithstanding some factual differences as Plaintiffs point out (Dkt. 48-1) at 3, the essential holding in both cases is that withholding information of which the disclosing party was aware at that

time established by the scheduling order is a violation of Rule 26(e)(1)(A) and is subject

to sanctions pursuant to Fed.R.Civ.P. 37(c) and Rule 37(c)(1)(A) (preclusion and

authorizing an award of attorneys fees) to prevent "sandbagging" an adversary.  *See*

*Freeman*, 2025 WL 81370, at *5; *Ritchie*, 280 F.R.D. at 156.  Plaintiffs' response lacks

credulity: "the identities and relevance of these witnesses <u>only</u> <u>emerged</u> <u>through</u>

<u>deposition</u> <u>testimony,</u> . . . <u>that</u> <u>unfolded</u> <u>at</u> <u>the</u> <u>end</u> <u>of</u> <u>the</u> <u>discovery</u> <u>timeline</u>." (Dkt. 48-1)

at 3 (underlining added).  This unsupported assertion files in the face of the undisputed

record which forcefully demonstrates, without contradiction by Plaintiffs, Plaintiffs' prior

awareness of both the witnesses' identities and the documents Plaintiffs' claim to have

only recently become aware.  As such, Plaintiffs' assertions can only be labelled as

false.

2.    <u>Cross-Motion to Preclude</u>.

Preclusion of testimony is a matter of the court's discretion.  In determining

whether to preclude testimony, the court considers the following factors:

> the party's explanation for the failure to comply with the discovery order; (2) the
> importance of the testimony of the precluded witness; (3) the prejudice suffered
> by the opposing party as a result of having to prepare to meet the new testimony;
> and (4) the possibility of a continuance.

*Softel, Inc. v. Dragon Med. & Sic. Commc'ns, Inc.*, 118 F.3d.d 955, 951 (2d Cir. 1997)
(citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988)) ("the *Softel*
factors").

Further, "although a 'bad-faith' violation of the Rule 26 is not *required* in order to exclude

evidence pursuant to Rule 37, it can be taken into account as part of the party's

explanation for its failure to comply."  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296

(2d Cir. 2006) (italics in original) (affirming district court's exclusion of witness and

financial report where discovery which had been closed for one and a half years would

have to be reopened just before trial and there was no substantial justification for failing to earlier disclose). *See Holland v. Goord*, 2012 WL 6652443, at *4 (W.D.N.Y. Dec. 20, 2012) (denying the defendant's motion to reopen discovery and precluding defendant from presenting witnesses who were not timely identified where the defendant failed to show substantial justification for failing to comply with discovery obligations, or that the nondisclosure was not harmless, and citing *Haas v. Delaware and Hudson Ry. Co.,* Fed.Appx. 84, 86–87 (2d Cir. June 24, 2008) ("Although the late discovery of Sheehan's information was apparently due to plaintiff's counsel's neglect and not 'bad faith,' bad faith is not required [for preclusion] and counsel has offered no adequate explanation for this untimely disclosure.")).

Here, the court finds all four *Softel* factors support preclusion.  First, and foremost, Plaintiffs' explanation for the reason Plaintiff failed to disclose any of the 10 witnesses Plaintiffs now seek to depose is illusory and false.  As discussed, *supra*, at 3, 5, the record provides no basis for Plaintiffs' repeated assertion that the witnesses' identities arose only during the March 2025 depositions of non-party witnesses. Second, as to the importance of the witnesses' testimony, the record, undisputed by Plaintiffs, also demonstrates that nearly all of the 10 witnesses have no knowledge of the 2020 training program at the Buffalo Fire Academy, the subject of the lawsuit.  *See* Levitt Declaration (Dkt. 42-2) ¶¶ 18-20; Eason Declaration (Dkt. 42-4) ¶¶ 2-5.  As to prejudice to Defendants, the third *Softel* factor, Defendants were misled by Plaintiffs into formulating their discovery strategy in reliance upon Plaintiffs' unsupplemented Rule 26(a)(1) disclosures and conducted numerous depositions without knowledge of the possibly relevant documents Plaintiffs now seek to discover.  To allow Plaintiffs to

review such documents at this late stage of the case, would, as Defendants assert, "make a mockery" of Rule 26(a)(1)(A) and 26(e)(1)(A) and compel Defendants to attend numerous additional depositions of spurious evidentiary value at Defendants' expense. Defendants' Memorandum (Dkt. 42-1) at 9. While a continuance is a possibility, the court, given the undisputed facts in this record, finds no justification for prolonging the discovery phase of this case to Defendants' detriment. Accordingly, Defendants' cross-motion for preclusion of the 10 proposed witnesses and Plaintiffs' asserted additional documents, is GRANTED.

3.    <u>Defendants' Requests for Attorneys Fees</u>.

It is "generally appropriate to require a party that has not complied with its discovery obligations to pay for reasonable fees and costs incurred by the moving party in seeking disclosure and/or in seeking discovery sanctions." *Ritchie*, 280 F.R.D. at 156 (citing *Izzo v. ING Life Ins. and Annuity Co.*, 235 F.R.D. 177, 188 (E.D.N.Y. 2005)). Here, Plaintiffs' motion was for the reasons explained at length is wholly without merit requiring Defendants' response including Defendants' preclusion request. The court therefore finds Plaintiffs' motion was not substantially justified and cannot be fairly considered as harmless. Accordingly, Plaintiffs shall reimburse Defendants for Defendants' reasonable attorneys fees incurred in connection with Defendants' opposition to Plaintiffs' motion and Defendants' cross-motion for preclusion

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion (Dkt. 36) is DENIED; Defendants' cross-motion for preclusion (Dkt. 42) is GRANTED. Defendants shall <u>within</u> <u>20 days</u>

submit an application for such expenses incurred in connection with Defendants'

opposition to Plaintiffs' motion and Defendants' cross-motion together with

contemporaneous documentation; Plaintiffs' opposition shall be filed <u>within</u> <u>10</u> <u>days</u>

thereafter; Defendants' reply, if any, shall be filed <u>within</u> <u>five</u> <u>days</u>.  Oral argument shall

be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:   September 30, 2025
         Buffalo, New York