UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN GREEN,
JULIAN PEREZ,

                      Plaintiffs,

        v.

CITY OF BUFFALO,
BATTALION CHIEF RONALD K. BOURGEOIS,
Individually and in his Official Capacity as
Battalion Chief,
COMMISSIONER WILLIAM RENALDO,
Individually and in his Official Capacity as
Commissioner,
DEPUTY COMMISSION RAMO SUAREZ,
Individually and in his Official Capacity as
Deputy Commissioner,
MAYOR BYRON BROWN,

                      Defendants.
_____

**DECISION
and
ORDER**

**23-CV-1166-LJV(F)**

APPEARANCES:        TIVERON LAW PLLC
                              Attorneys for Plaintiff
                              STEVEN M. COHEN, of Counsel
                              2410 North Forest Road, Suite 301
                              Amherst, New York  14068

                              HODGSON RUSS LLP
                              Attorneys for Defendants
                              JOSHUA I. FEINSTEIN,
                              JOSHUA B. LEVITT,
                              ADAM W. PERRY, of Counsel
                              The Guaranty Building, Suite 100
                              140 Pearl Street
                              Buffalo, New York  14202-4040

In this § 1983 action, the court determined that Plaintiffs' motion to extend discovery to accommodate depositions, based on Plaintiffs' belated discovery and disclosures, of 10 additional non-party witnesses should be denied and that Defendants'

cross-motion to preclude, pursuant to Fed.R.Civ.P. 37(c), any testimony at trial of such witnesses should be granted.  *See* Decision and Order (Dkt. 61) ("D&O").  Based on its findings, that Plaintiffs failed to timely disclose such witnesses as required by Fed.R.Civ.P. 26(a)(1)(A)(i), *see* D&O (Dkt. 61) at 5, and Plaintiffs' motion lacked substantial justification as predicated on Plaintiffs' false assertions of fact regarding Plaintiffs' lack of foreknowledge of the existence and identity of such witnesses, the court found Defendants were entitled to reasonable expenses pursuant to Fed.R.Civ.P. 37(c)(1) (as Defendants contended, *see* (Dkt. 12-1) at 11-12, 14-15)), including attorneys fees, in successfully opposing Plaintiffs' motion and in seeking an order of preclusion.  D&O at 5-6, 7-9, 11-12.

In accordance with the D&O, Defendants timely filed Defendants' application in support of an award of attorneys fees incurred by Defendants in connection with Defendants' opposition to Plaintiffs' motion and in support of Defendants' cross-motion for requesting preclusion.  *See* Dkt. 64 (filed October 20, 2025).  Defendants' application included a Supplemental Memorandum of Law together with the Declaration Of Joshua B. Levitt In Support Of Rule 37 Motion For Reasonable Expenses (Dkt. 64-1) ("Levitt Decl.") together with Exhbit A, a spreadsheet print-out detailing 53.3 hours of work performed in the case by Mr. Levitt, a seven-year associate of the Hodgson Russ firm and Joshua I. Feinstein ("Feinstein"), a 23-year litigating partner at the firm using a blended hourly billing rate for both attorneys of $360 for a total award of $19,188.  According to Levitt, Defendants have elected not to request the time incurred by paralegals at the firm who assisted the attorneys in analyzing deposition testimony of several of Plaintiffs' putative newly discovered non-party witnesses.  Levitt Decl. ¶ 6.

2

Nor do Defendants request fees for the time spent by counsel in submitting a related motion to extend the period for dispositive motion practice to accommodate the litigation of Plaintiffs' and Defendants' motions.  *Id.* ¶ 5.

In making its determination on Defendants' fee request, the court is guided by its recent decision in *Gugino v. City of Buffalo*, 2025 WL 1260691, at *2 (W.D.N.Y. May 1, 2025) as follows:  "[I]n determining a fee award, the typical [starting] point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Healy v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). "In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed." *Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (citing *Hensley*, 461 U.S. at 433). "A reasonable hourly rate is a rate 'in line with ... prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984), and citing *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058-59 (2d Cir. 1989)). "[O]nly those hours "reasonably expended" are to be awarded. *Id.* (quoting *Hensley,* 461 U.S. at 434–35). Attorney fees awarded as a sanction are not intended to provide the prevailing party with a windfall, but "merely to compensate [ ] for additional expenses incurred on this single discovery matter." *Matteo v. Kohl's Dept. Stores, Inc.*, 2012 WL 5177491, at *7 (S.D.N.Y. Oct. 19, 2021). Further,

3

courts often employ an across-the-board reduction in hours to "trim the fat." *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'") (quoting *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998)) (further internal quotation).

The fee application "must be supported by contemporaneous time records, affidavits and other materials." *McDonald ex rel. Prendergast,* 450 F.3d at 96. Here, significantly, Plaintiffs do not dispute Defendants' blended $360 hourly rate, and Plaintiffs' opposition appears to be limited to Defendants' cross-motion to preclude and overlooks that the work by Defendants' attorneys was directed to both Defendants' opposition to Plaintiffs' motion as well as to Defendants' cross-motion; *see* Plaintiffs' Memorandum of Law (Dkt. 65) at 7. *See Trustees of Buffalo Laborers' Pension Fund v. Accent Stripe, Inc.*, 2007 WL 2743441, at **3-4 (W.D.N.Y. Sept. 18, 2007) (approving use of blended rate reflecting different hourly rates charged by attorneys of various levels of skill and experience). *See also Peacock v. City of Rochester*, 2016 WL 4150445, at *7 (W.D.N.Y. Aug. 5, 2016) (approving hourly rate of $425 for experienced civil rights attorney).

Defendants stated that Mr. Levitt expended 39 hours and Mr. Feinstein expended 13 hours[1] in preparation of Defendants' response to Plaintiffs' motion and in preparing Defendants' cross-motion. *See* Dkt. 64-2 at 2. The spreadsheet also provides a detailed account of each lawyer's activities on this matter including, for example, 3.4 hours for continued legal research relating to drafting opposition to Plaintiffs' motion to

---

[1] Rounded from 39 hours, 12 minutes; 13 hours, 4 minutes, respectively.

4

extend the scheduling order which motion gave rise to Defendants' cross-motion.  In a related time entry, Levitt recorded 4.4 hours in analyzing deposition testimony and deposition exhibits of nine of Plaintiffs' non-party witnesses to determine the factual basis for Plaintiffs' claims that the identity of such witness was only recently discovered by Plaintiffs, an assertion which proved to be false.  *See* D&O (Dkt. 61) at 5-6, 7-9, 11-12; *see also Scott-Iverson v. Independent Health Assoc., Inc.,* 2017 WL 2374407, at *2 (W.D.N.Y. May 31, 2017) (actions of plaintiff's counsel required defendant's counsel to perform substantial work including 22 hours of deposition transcript review entitling defendant to additional attorneys fees).  As to Mr. Feinstein, the spreadsheet supports the conclusion that his work was limited to revisions of the attorney declaration and memorandum of law in opposition to Plaintiffs' motion and in support of Defendants' cross-motion.  *See* Dkt. 64-2 at 2.  Defendants' counsels' combined work resulted in an eight-page attorney (Levitt) declaration with 11 exhibits and an 11-page memorandum of law.  *See* Dkt. 64 at 5-6.  The court thus concludes that the record demonstrates that Plaintiffs' assertion required Defendants' attorneys to analyze in detail all of nine depositions and Plaintiffs' other discovery requests to ascertain whether Plaintiffs' assertion of Plaintiffs' alleged recent awareness of the identity of such witnesses had merit or was, as the court found in the D&O, false.  *See* D&O (Dkt 61) at 9.  Plaintiffs further object to Defendants' request contending that Defendants overstaffed Defendants' motion to preclude by assigning two experienced attorneys to the motion.  *See* (Dkt. 65) at 7.  Plaintiffs' objections overlook that Defendants were required to address both Plaintiffs' motion and Defendants' cross-motion to preclude.  Additionally, courts routinely approve fee requests to two attorneys.  *See Ursa Minor Ltd. V. Aon*

5

*Financial Products, Inc.,* 2001 WL 1842042, at *6 (S.D.N.Y. May 30, 2001) (recognizing complex case commonly requires work by more than one attorney (citing *Lenihan v. City of New York*, 640 F.Supp. 822, 825 (S.D.N.Y. 1986) (considering use of more than one attorney is not duplicative or unreasonable where attorneys perform different tasks including drafting and editing papers).  Defendants were also required to prepare and file a 10-page reply memorandum of law in support of  Defendants' cross-motion. *See* (Dkt. 49).  As such, the court finds Defendants' request for reimbursement based on 53.3 hours for attorney work to be reasonable.  However, the court finds it is also necessary to modify Defendants' request for a reduction of 15% to account for redundancy and unnecessary duplication of attorney activities particularly related to Mr. Feinstein's 7.1 hours of work in revising the attorney declaration on April 14, 2025 (Dkt. 65-2) at 2, in addition to the 7.1 hours of work on the attorney declaration by Mr. Levitt on the same date April 14, 2025.  *Id.; see McDonald*, 450 F.3d at 96 (court may exercise its discretion and employ a percentage reduction in a fee request as a fair means of "trimming fat from a fee application"); *Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 2011 WL 1598973, at *7 (W.D.N.Y. Apr. 27, 2011) (reducing requested attorneys fees by 15% to "trim the fat").

  Accordingly, the court GRANTS Defendants' application by deducting $2,878.20[2] from Defendants' requested fee award of $19,188 for a total of $16,309.80.  Based on the court's conclusion that the belated disclosures, meritless Plaintiffs' motion, and the need for Defendants' preclusion order is primarily attributable to Plaintiffs' counsel,

---

[2]  $19,188 x 15% = $2,878.20.

Plaintiffs' attorneys shall pay and remit the fee award to Defendants' counsel not later than <u>30</u> <u>days</u> from the filing of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  December 2, 2025
        Buffalo, New York